IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER J. WESTON                                                    PLAINTIFF

v.                                      Civil No. 4:20-cv-04077

JASON JOHNSON, Assistant Area Manager Supervisor
Hempstead County ACC; MALLORY EVANS, ACC Officer;
GALE WOLFBERGER, Hempstead County Circuit Clerk;
DEPUTY M. GULLION; SGT. BRYANT, Hempstead County
Correctional Officer; OFFICER CASEY; CAPTAIN J. WISE,
Hempstead County Jail Administrator; SGT. HICKEY;
SGT.  MILLER, Nevada County Correctional Officer; JUDGE
DUNCAN CULPEPPER, 8th Circuit Judicial Judge; JUDGE
WILLIAM WRIGHT, 8th Circuit Judicial Judge; ANTHONY
BIDDLE, Public Defender; MR. DORMAN, Investigator,
Hempstead County Sheriff's Office; DR. DERRICK
ELKINS; KATY SHEETS, Nevada County Correctional
Officer; MS. BARNS, Nevada County Correctional Officer;
OFFICER REYN BROWN, City of Prescott; MICHELLE
MORROW; and PHILLIP HARRIS                                               DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Christopher J. Weston pursuant to 42 U.S.C.

§ 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice

screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28

U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff is currently an inmate in the Nevada County Detention Center in Prescott,

Arkansas.  He filed his original complaint on September 15, 2020.  (ECF No. 1).  On September

30, 2020, in response to this Court's order, Plaintiff filed an Amended Complaint (ECF No. 5) and

a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 6). That same day, the Court granted

Plaintiff's IFP motion.  (ECF No. 7).  Plaintiff indicates at the time of the alleged incidents he was in jail serving a 14 day sanction for a parole violation on Aug 24, 2020.  (ECF No. 5, p. 3).

In his Amended Complaint, Plaintiff names the following individuals as Defendants: Jason Johnson, Assistant Area Manager Supervisor for Hempstead County ACC[1]; Mallory Evans, ACC Officer; Gale Wolfenberger,[2] Hempstead County Circuit Clerk; Deputy M. Gullion; Sgt. Bryant, Hempstead County Correctional Officer; Officer Casey; Captain J. Wise, Hempstead County Jail Administrator; Sgt. Hickey; Sgt. Miller, Nevada County Correctional Officer; Judge Duncan Culpepper, Eighth Circuit Judicial Judge; Judge William Wright, Eighth Circuit Judicial Judge; Anthony Biddle, Public Defender; Mr. Dorman, Investigator, Hempstead County Sheriff's Office; Dr. Derrick Elkins; Katy Sheets, Nevada County Correctional Officer; Ms. Barns, Nevada County Correctional Officer; Officer Reyn Brown, City of Prescott; Michelle Morrow; and Phillip Harris. Plaintiff asserts five claims in the Amended Complaint and is suing Defendants in both their official and individual capacities.  He is seeking compensatory and punitive damages.  (ECF No. 5, p. 12).

Plaintiff describes Claim One as "[A]cts of Double Jeopardy, cruel and unusual, excessive, Illegal Incarceration," which occurred on July 1, 2020.  He alleges Defendants Johnson, Evans, Gullion, Wolfenberger, Wright, Culpepper, and Biddle engaged in "illegal acts and abusive office procedures and has jeopardized my sentence of (5) years of probation from September 5, 2014 till September 4, 2019. I have illegally been incarcerated from July 1, 2020 until present."  (ECF No. 5, p. 7).  Plaintiff describes his official capacity claims against these Defendants as "Abuse of office, Public Trust."  *Id.* at p. 8.

---

[1] "ACC" appears to be an abbreviation for the Arkansas Community Corrections.
[2] Defendant Wolfenberger is identified in the case caption as "Wolfberger."

Plaintiff describes Claim Two as "Illegal or False Arrest (Defective workmanship)" which occurred on June 24-25, 2020.  He identifies Wolfenberger, Morrow and Gullion as the Defendants involved in this claim.  (ECF No. 5, p. 8).  Plaintiff further states, "On July 1, 2020 I was arrested by Deputy M. Gullion after an illegal bench warrant for a charge I have never been convicted of from Sept 24, 2013 and Oct 2, 2013."  *Id.*  He describes his official capacity claim against these Defendants as violations of the Fourteenth Amendment and Fourth Amendment.  *Id.* at p. 9.

Plaintiff describes Claim Three as "Abuse of Public Trust, Abuse of Office."  (ECF No. 5, p. 9).  He identifies Anthony Biddle, (Plaintiff's public defender), Phillip Harris (a Prosecuting Attorney), and Judge Duncan Culpepper (the 8th Circuit Judicial Judge) as the Defendants involved in this claim.  He alleges that on or about the date of Sept 5, 2014, a plea of No Contendere to Theft by Receiving Misdemeanor, (5) years of Probation was accepted by 8th Circuit Prosecution. Plaintiff claims that no punitive damages including monetary reimbursement was discussed or part of Plea Arraignment.  *Id.*  Plaintiff describes his official capacity claim against these Defendants as Double Jeopardy under the Fifth Amendment as he alleges he was sentenced excessively for the same offense. Plaintiff also alleges that he suffered multiple seizures while incarcerated in the HCDF and did not receive medical attention. *Id.* at p. 12.

Plaintiff describes Claim Four as "Denial of Medical Care" which occurred on or about July 12, 2020 "till July 26, 2020."  (ECF No. 5, p. 10).  He identifies Defendants Bryant, Elkins, Casey, Evans, Wise, Hickey and Miller as being involved in denying him adequate medical care. Plaintiff alleges:

> Dr. Derrick Elkins lack of medical care throughout the Hempstead County, Ar and Nevada County, Ar Correctional facilities has caused a more rapid effect of my seizures.  That Hempstead County and Nevada County Detention facilities both use Correctional Officers to pass prescription medication instead of a lisence medical practitioner (etc. nurse) that I wait weeks, sometimes months, or not at all, to receive medical care. That on or about the 15th day of September, I was being held

in a solitary cell and had a seizure and it took hours before Hempstead County Detention Officers discovered me on the floor.  Also another 7-8 hours before I was seen by Dr. Elkins.

(ECF No. 5, p. 10).  Plaintiff does not describe any official capacity claim against these Defendants.

Plaintiff describes Claim Five as "Illegal Search and seizure, Tampering with legal mail" which allegedly occurred on September 26, 2020.  (ECF No. 5, p. 11).  He identifies "Sgt. Miller Al'Et, Katy Sheets, Mrs. Barnes Et'Al, Reyn Brown" as Defendants involved in this claim. Plaintiff describes the acts or omissions by these Defendants as "[I]llegal acts and search and seizure, related in tampering with legal mail and acts of critical legal paper work missing from plaintiffs files."  *Id*.  Plaintiff does not describe any official capacity claim against these Defendants.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro*

*se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

To determine the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co., 457* U.S. 922, 937 (1982)). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.; see also Roudybush v. Zabel,* 813 F.2d 173, 176-77 (8th Cir. 1987).

### III. DISCUSSION

Plaintiff's Amended Complaint is difficult to decipher because he attempts to assert unrelated claims over a period of six (6) years against nineteen (19) Defendants who were involved in various phases of Plaintiff's criminal charges, convictions, parole, and incarceration at two separate facilities. The law is clear that unrelated claims cannot be included in one lawsuit due to

the risk of confusion and unfair prejudice, and claims against multiple parties must arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). The Court could dismiss Plaintiff's Amended Complaint for this reason alone. However, because many of the named Defendants are immune from suit or did not act under color of state law, the Court will address each of Plaintiff's claims and individual Defendants as necessary.

### A. Defendant Dorman

Although Plaintiff names Dorman as a Defendant, he does not make any allegations against him in the Amended Complaint. As previously stated, to state a claim under § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the constitution. *Dunham,* 195 F.3d at 1009. Plaintiff has failed to state any claim against Defendant Dorman, and therefore all claims against him are dismissed without prejudice.

### B. Claims One and Two - Illegal Incarceration and Illegal Arrest

In Claim One Plaintiff alleges Defendants Johnson, Evans, Gullion, Wolfenberger, Wright, Culpepper, and Biddle engaged in "illegal acts and abusive office procedures has jeopardized my sentence of (5) years of probation," and that "I have illegally been incarcerated from July 1, 2020 until present." (ECF No. 5, p. 7).[3]

In Claim Two Plaintiff alleges Defendants Wolfenberger, Morrow and Gullion violated his constitutional rights when he was arrested on July 1, 2020 "by Deputy Gullion after an illegal bench warrant for a charge I have never been convicted of from Sept 24, 2013 and Oct 2. 2013…". (ECF No. 5, p. 8). Although Plaintiff claims that he was never convicted, he states "[O]n or about the date of Sept 5, 2014, a plea of no contendere to Theft by receiving misdemeanor, (5) years of Probation was accepted by 8th Circuit Prosecution…." (ECF No. 1, p. 9).

---

[3] As discussed in the section regarding Claim Three, all claims against Defendants Wright, Culpepper and Biddle are being dismissed because they are either immune from suit or were not acting under color of state law.

Plaintiff is barred from bringing the claims set forth in Claims One and Two until his convictions are invalidated by the highest state court or in a federal *habeas* proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to § 1983 which would undermine or potentially invalidate his criminal charges, convictions, and subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Further, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…". *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

Plaintiff has not provided any evidence that his convictions have been invalidated by the highest state court or in a federal *habeas* proceeding. Accordingly, Plaintiff's claims for unlawful incarceration and arrest fail to state cognizable claims under § 1983, and Claims One and Two are dismissed without prejudice.

## C. Claim Three – Abuse of Trust/Office

In Claim Three, Plaintiff alleges that Defendants Biddle, Harris, and Culpepper abused public trust and their office when on or about the date of Sept 5, 2014, a plea of No Contendere to Theft by Receiving Misdemeanor, (5) years of Probation was accepted by 8th Circuit Prosecution.

Plaintiff claims that no punitive damages including monetary reimbursement was discussed or part of Plea Arraignment. (ECF No. 5, p. 9).

Defendant Biddle is a public defender who represented Plaintiff during his criminal proceedings. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Biddle was not acting under color of state law while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff's claims against Defendant Biddle are dismissed with prejudice.

Defendant Harris was the prosecutor involved in pursuing the criminal charges against Plaintiff. Plaintiff's claims against Defendant Harris must be dismissed because as a prosecutor he is immune from suit. In *Imbler v. Pachtman*, the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Plaintiff has failed to allege that Defendant Harris engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney during the judicial phase of Plaintiff's criminal case. Accordingly, Defendant Harris is entitled to absolute immunity and the claims against him are dismissed with prejudice.

Defendant Culpepper is a state court judge who presided over Plaintiff's criminal proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of

damages"); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Plaintiff has failed to allege that any action by Defendant Culpepper was non-judicial or taken without jurisdiction. Therefore, Defendant Culpepper is immune from suit and the claims against him are dismissed with prejudice.[4]

### D. Claim Four - Denial of Medical Care

Plaintiff alleges Defendants Bryant, Elkins, Casey, Evans, Wise, Hickey and Miller engaged in conduct that resulted in Plaintiff receiving inadequate medical care between July 12, 2020 and July 23, 2020. However, these Defendants appear to be employed at two separate detention facilities in two different counties. Plaintiff states Defendant Evans is an ACC Hempstead County Officer. (ECF No. 5, p. 3). Plaintiff states Defendant Miller is employed by the Nevada County Detention Facility. *Id.* at p. 5. Plaintiff indicates Defendant Elkins is the physician at both the Nevada County and Hempstead County Detention Centers. *Id.* at p. 5. Plaintiff does not indicate in the Amended Complaint where Defendants Hickey, Wise, or Bryant are employed.

The law is clear that unrelated claims cannot be included in one lawsuit due to the risk of confusion and unfair prejudice and claims against multiple parties must arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). Other than Defendant Elkins, Plaintiff does not identify the specific individuals involved or the locations where he was incarcerated when the alleged violations of his civil rights occurred. Accordingly, Plaintiff's claims for denial of

---

[4] Although Plaintiff did not specifically identify Defendant Judge Wright in Claim Three, the same analysis would apply in Count One and he would be immune from suit.

medical care against Defendants Bryant, Casey, Evans, Wise, Hickey and Miller are dismissed without prejudice.

Plaintiff's claims for denial of medical care against Defendant Elkins shall proceed. Service on Defendant Elkins will be issued by a separate order of the Court.

### E. Claim Five – Interference with Legal Mail

In Claim Five, Plaintiff alleges Defendants Miller, Sheets, Barns and Brown tampered with his legal mail on September 26, 2020.  (ECF No. 5, p. 11).  Plaintiff indicates that each of these Defendants are employed at the Nevada County Detention Center.  The Court finds that Plaintiff has stated a claim based on interference with his legal mail.  Accordingly, Claim Five shall proceed against Defendants Miller, Sheets, Barnes and Brown.  Service of these Defendants will be issued by a separate order of the Court.

### IV. CONCLUSION

For the reasons stated above, the Court finds the following: 1) Plaintiff's individual capacity claim for denial of medical care in Claim Four against Defendant Elkins shall proceed; and 2) Plaintiff's individual and official capacity claims against Defendants Miller, Sheets, Barns and Brown as set forth in Claim Five for interference with legal mail shall proceed.

For the reasons stated above, the Court finds that the remainder of Plaintiff's individual and official capacity claims are dismissed as follows:

1) Plaintiff's claims against Defendant Dorman are **DISMISSED WITHOUT PREJUDICE**;

2) Claim One for illegal incarceration against Defendants Johnson, Evans, Gullion, and Wolfenberger is **DISMISSED WITHOUT PREJUDICE**;

3) Claim One for illegal incarceration against Defendants Wright, Culpepper and Biddle is **DISMISSED WITH PREJUDICE;**

4) Claim Two for illegal arrest against Defendants Wolfenberger, Morrow and Gullion is **DISMISSED WITHOUT PREJUDICE**;

5) Claim Three for abuse of public trust and abuse of office against Defendants Biddle, Harris, and Culpepper is **DISMISSED WITH PREJUDICE;** and

6) Claim Four for denial of medical care against Defendants Bryant, Casey, Evans, Wise, Hickey, and Miller is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 4th day of December 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge