IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER J. WESTON                                                                                            PLAINTIFF

v.                                            Civil No. 4:20-cv-04077

SERGEANT MILLER, Nevada County Correctional Officer;
KATY SHEETS, Nevada County Correctional Officer;
OFFICER REYN BROWN, City of Prescott; and
MS. BARNS, Nevada County Correctional Officer                                                       DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed *pro* se by Plaintiff, Christopher J. Weston, under 42 U.S.C. § 1983. Before the Court is a Motion for Summary Judgment filed by Defendants Miller, Sheets and Barnes.[1] (ECF No. 28). Plaintiff has filed Responses in opposition to the motion. (ECF Nos. 35, 36). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

**I. FACTUAL BACKROUND**

Plaintiff is currently incarcerated in the Arkansas Division of Corrections ("ADC"), Grimes Unit, in Newport, Arkansas. His claims in this action arise from alleged incidents that occurred on September 26, 2020, while he was being held in the Nevada County Detention Center ("NCDC").

According to the affidavit of Sheriff Danny Martin[2] – the Sheriff of Nevada County - Plaintiff was booked into the NCDC on September 21, 2020, and was transferred to the ADC a

---

[1] Defendant Barnes is incorrectly listed in the docket and case caption as "Barns".
[2] Sheriff Martin is not a named Defendant in this lawsuit.

1

month later on October 21, 2020.  (ECF No. 30-1, pp. 1, 3).

During the month he was being held in the NCDC, Plaintiff filed eight grievance requests, five medical requests, and three general requests.  (ECF No. 30-1, pp. 4-10).  The date and content of each request is set forth below:

- Grievance Request, September 25, 2020: "Filing Grevience for medical neglect".  (ECF No. 30-1, pp. 9-10).

- Medical Request, September 29, 2020: "Request to see the doctor migrain headaches".  (ECF No. 30-1, p. 9).

- Grievance Request, September 30, 2020: "Meal dietary plans are required for certain amount of calories, and should cosist of the four basic food groups ex. Meat, bread, fruit and vegetible.  Detention facilitys are required by federal guidelines to maintain a steady, healthy meal Plan for inmates that are housed in correctional facilitys that meet these instructions. Inmates that are housed in nevada count det. Facility are being circumed to cruel and unusual circumstances by unhealthy food meal care plans. Fiber beans as well as all vegetables are planted as seeds and use the minerals water and soil to produce. It is not considered a meat due to its plantaion gowth, not processed growth. Also, it is my instructions for my health, to intake my prescrimption medications during the time I eat. It is a health factor to make sure the hardness of my medication does not have an affect on the underlining of my testicles. It is double to jeopardize my health based on program reasons. It is also unusual to determinize my health without license or practice. I am greaving this matter in cause, and I am formaly filing a restraining protection against unlicense medical personal delivering my medication, and nevada county detention officers passing out my daily meals in contrast that refusal to provide inmates with proper care is creul and unusual and a wqy to punish inmates double for crime that they mqy or may not have committed."  (ECF No. 30-1, p. 9).

- Medical Request, October 1, 2020: "Request to be tested for the virus known as the covid-19 or corona virus".  (ECF No. 30-1, p. 8)

- Medical Request, October 1, 2020: "Request to be tested for the virus known as the covid-19 or corona virus".  (ECF No. 30-1, p. 8)

- Grievance Request, October 2, 2020: "Corporal punishment substains from an action of group actions of disciplinary outcomes. I would like to know what I am being punished for again. Again this is an illegal action of the 6th admendment of double jeopardy." (ECF No. 30-1, p. 8).

- General Request, October 6, 2020: "Request the number of intake meal diet or calorie

intake that inmates receive daily. also request to have my weight checked. (ECF No. 30-1, pp. 7-8).

- General Request, October 8, 2020: "Request to seek dental attention for bleeding in my gums…." (ECF No. 30-1, p. 7).

- Grievance Request, October 8, 2020: "Answering inmate request or grievance with response of 'they will be answered does not satisfy inmate use of contact to get action by proper authority. I have several grievences that have not been answered and I request immedieat action…" (ECF No. 30-1, p. 7).

- Grievance Request, October 9, 2020: "Nevada county, ar deteion facility is not equipped, securily or medically to hold adc convicted inmates as it has. According to arkansas dept. Of corrections, no correctional officer is to hand out inmate medication. But a certified medical associate is the only personal certified to give inmates any prescribed medication. adc also requires 24 hour medical assistants on any facility occupied by the adc. Due to inmate population and highly risk violant criminals, nevada county detention facility is not prepared as far as location to nearest emergency facilty or trauma unit to and or qulified personal to handle any severe incidents. the nearest meical unit being more than an hour away, leaving inmates to great risk to medical care. Also, calorie intake as far as meals provided by Nevada county detention, and inmates allergic reaction to certain foods have left inmates to a havoc of inmate neglect and proper care." (ECF No. 30-1 p. 6).

- Grievance Request, October 11, 2020: "I am being charged for indegent, that is provided for my use for free. How?" (ECF No. 30-1, p.6).

- Grievance Request, October 12, 2020: "In matter of my person, that I, christopher j. Weston, am being held with out regard in a correctional facility, county, that I have not been committed, charged, or seeking trial. That my criminal investigation or charge is in the county of hempstead, ar. And being held in a correctional institution without crime is a violation of my 4th admendment of the u.s. costitution.in the matter of my conviction and sentence to the arkanss department of correction, no inmate of the a.d.c is Required to charges or payments that are provided to inmates for mandatory hygiene products such as, toothpaste, tissue, toothbrush, and all health care products that Are issued by the department of arkansas community corrections. Nevada county, ar conduct of charging ark.dept. of corrections inmates for these products is an illegal act of bribery. (ECF No. 30-1, p. 5).

- General Request, October 12, 2020: "Request and grievence forms presented by inmates are being answered by unknown authority. Answering correctional facility forms with no name is a act of ignoring Inmates need to communicate with authority. Jail administrator Hughes is the responsible authority of these illecent matters." (ECF No. 30-1, p. 5).

- Medical Request, October 13, 2020: "Request to see the dr.". (ECF No. 30-1, p. 4).

- Medical Request, October 14, 2020: "I am allergic to starch and fiber. Need to see the doctor for throat sournes." (ECF No. 30-1, p. 4).

- Grievance Request, October 16, 2020: "In grievence of matter of inmate welfare, on the 17th day of october 2020, breakfast was being prepared and served by correctional officers evans et'al and turner et'al without the proper ppe that protects All individuals including inmates from viruses and sickness. That during serving of medication officers spare and evans were not whereing protected covers to protect inmates from the virus known as covid-19. In the matter of service of breakfast, outside individuals who are entering the facility or a matter of risk due to any serving or preparation of any meals. In reference to no non commition officers who are supervising the duties of employees, officer turner is not authorized our equipped to handle or care for the care of inmates, fathers brothers, or sons and daughters who have been committed to the nevada county detention facility by the arkansas department of correction. No personal views or values should not compromise duties of employers. No dietiery meals should be prepared or alterd by any officer who does not have the authority to change the meal plan. Officer evans is in violation of out of place of assignment." (ECF No. 30-1, p. 4).

## II. NCDC's GRIEVANCE POLICY

At all times relevant to the instant lawsuit, the NCDC had a written process in place for inmates to submit grievance, medical, and general requests. (ECF No. 30-1). A "Complaint/Grievance" is defined as "a formal written allegation or accusation, suggesting that an inmate has been mistreated, neglected, abused or deprived of something unlawful, or an action which is in violation of department rules and regulations". (ECF No. 30-1, p. 12). The NCDC's policy defines "Request" as "an inmate asking for something which aids or assist the inmate in their stay in this facility. Denial of which would create a constitutional issue of depravation." *Id.* "Grievant" is defined as the inmate who has written a grievance. *Id.*

The NCDC's policy specifically states:

All inmates will be afforded the opportunity to file a complaint, grievance, and or request. No adverse action will be taken against any inmate for filing a grievance.

Complaint, Grievance, and request can be made at the inmate kiosk and goes directly to command staff. No paper or verbal request can be made from inmate to detention officer. All request must be submitted on kiosk for tracking and timely responses.

RESPONSE
1. Whether with or without merit, the grievant is informed of the disposition of the grievance, by electronic response, within ten working days (excluding holidays and weekends) of the day the grievance is filed.
2. Emergency grievances receive a response within 48 hours of the time the grievance is received.
3. The factual basis for the disposition is stated in the response.

APPEALS
1. The grievant may appeal any response or lack of response to the Captain or Sheriff.
2. Appeals may be delivered in the same manner as above or may be mailed to detention center or to a third-party person for delivery to the Sheriff.
3. If for any reason an inmate fears use of the grievance procedure, the inmate's grievance may be presented to the Sheriff or Captain of the Detention Center.

(ECF No. 30-1, pp. 12-13).

### III. PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on September 15, 2020. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint (ECF No. 5) and a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 6) on September 30, 2020. That same day, the Court granted Plaintiff's IFP motion. (ECF No. 7).

Plaintiff initially named nineteen Defendants and asserted five unrelated claims in his Amended Complaint against individuals in two separate detention facilities. (ECF No. 5). On December 7, 2020, Judge Hickey entered an order dismissing all claims and Defendants except Claim Four for denial of medical care against Defendant Elkins and Claim Five for interference with legal mail against Defendants Miller, Sheets, Barnes, and Brown. (ECF No. 11, p. 10). Then, on June 4, 2021, Plaintiff filed a motion to dismiss his claims against Defendant Elkins. (ECF No. 22). On June 7, 2021, the Court granted Plaintiff's motion. (ECF No. 23).

In the Amended Complaint Plaintiff describes Claim Five as "Illegal Search and Seizure, Tampering with legal mail" on September 26, 2020. (ECF No. 5, p. 11). He identifies the

Defendants involved as "Sgt. Miller Al' Et, Katy Sheets, Mrs. Barnes Et' Al, Ryen Brown."[3] *Id.* Plaintiff goes on to state "Defendants illegal acts and search and seizure, related in tampering with legal mail and acts of critical legal paper work missing from plaintiffs files." *Id.*

Plaintiff also indicates he is asserting an official capacity claim against these Defendants for Claim Five. However, the description of this claim does not relate to a search and seizure or the tampering with his legal mail. Plaintiff states his official capacity claim as follows: "Defendant has been sentenced excessively for the same offense. Violation of 5th Admendment of Double Jeopardy. Defendant has also suffered multiple seizures while incarcerated in the HCDF and did not receive medical attention (Medical Neglect)." (ECF No. 5, p. 12).[4]

On July 21, 2021, Defendants Miller, Sheets, and Barnes filed a Motion for Summary Judgment arguing they are entitled to summary judgment because "Plaintiff did not exhaust his administrative remedies concerning these Separate Defendants." (ECF No. 28). Defendants also filed a Brief and Statement of Facts in support of the motion. (ECF Nos. 29, 30).

On October 5, 2021, Plaintiff filed two Responses in opposition to the summary judgment motion neither of which are verified. (ECF Nos. 35, 36). In the first Response, Plaintiff states in part, "…PLAINTIFF TESTIFIES THAT HE DID SUBMIT A GRIEVANCE TO THE NEVADA COUNTY, AR DETENTION FOR ILLEGAL SEARCH AND TAMPERING OF LEGAL MAIL THROUGH KIOSK, WRITTEN, AND VERBAL TO JAIL ADMINISTRATOR X. HUGHES. IN WHICH COMPLETED THE GRIEVANCE PROCESS." (ECF No. 35, p. 1). *Id.* In addition,

---

[3] Defendant Brown has not been served. (ECF Nos. 12, 19). Although on the docket it appears Nevada County agreed to accept service for Brown, the Court was later informed by counsel for Defendants Miller, Sheets and Barnes that Nevada County had no authority to do so. (ECF No. 21). The Court attempted to serve Brown again but never received any return of service. (ECF No. 24).
[4] The Court notes this description was likely meant to relate to another of Plaintiff's claims that was dismissed by Judge Hickey's order.

although it is difficult to decipher, Plaintiff seems to argue Defendants did not produce all the grievances he filed. *Id.*

In his second Response Plaintiff states in part:

1. ON OR ABOUT THE 26TH DAY OF SEPTEMBER 2020 INMATES INCLUDING MYSELF WERE PLACED IN THE ACTIVITY YARD AT APPROXIMATELY 110:15 A.M. FOR A UNKNOWN REASON SPECIFIED. WHEN RETURNED TO THE BARRACKS OR INMATE LIVING QUARTER PLAINTIFF…NOTICED LEGAL MAIL AND PAPERS OF HIS LEGAL MAIL BEING STROLLED ERRATICALLY OVER A DAY ROOM TABLE. THROUGH FURTHER REVIEW I…NOTICED MY MONEY ORDER MISSING FROM MY POSSESSSION.

2. PLAINTIFF TESTIFIES THAT HE MADE SEVERAL ATTEMPTS TO RESOLVE THE MATTER THOUGH ADMINISTRATION THROUGH GRIEVANCE FOR TAMPERING WITH LEGAL MAIL, INCLUDING GREIVANCE REQUEST DATED 10/08/2020 12:15:53 P.M. PROVIDED BY COUNSEL OF DEFENSE EXHIBIT (A) NOT BEING PROVIDED BY ELECTRONIC FILING, BUT NOT APPEARING IN EXHBITS [B] PROVIDED BY COUNSEL OF DEFENSE.

3. GENERAL REQUEST DATE 10/12/2020 2:34:18 P.M. PAGE 5 OF 13 OF MOTION OF SUMMARY JUDGMENT SHOWS PLAINTIFF ATTEMPTS TO CONTACT PROPER AUTHORITIES BUT WAS IGNORED.

4. PLAINTIFF CONTENDS DEFNSE MOTION TO DISMISS BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BASED ON EXHIBITS PROVIDED BY DEFENSE COUNSEL OF GRIEVANCES THAT WERE PROVIDED SHOWS A CLEAR ATTEMPT TO IGNORE, DISREGARD, PREVENT, AND TO COMPLY WITH GRIEVANCE PROCEDURES….

(ECF No. 36).

### IV. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once

a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing, *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## V. DISCUSSION

Defendants Barnes, Sheets, and Miller argue Plaintiff failed to exhaust his administrative remedies on his claim they tampered with his legal mail on September 26, 2020, and consequently his claims are barred. This Court agrees.

The PLRA in 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance

with the applicable procedural rules." *Id*. at 218 (internal quotation marks and citation omitted). The Court stated the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

The Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

Here, there is no dispute the NCDC had a grievance procedure in place for inmate to use at the time the incident occurred which Plaintiff claims resulted in a violation of his rights. There is also no dispute Plaintiff filed sixteen (16) requests during the thirty (30) days he was incarcerated in the NCDC. Plaintiff's extensive use of the NCDC's grievance/request procedure completely undermines his argument that the grievance procedure was not available to Plaintiff. In addition, Sheriff Martin submitted an affidavit stating Plaintiff did not submit any grievance concerning any tampering with his legal mail. (ECF No. 30-1). Moreover, none of Plaintiff's grievances or requests even mention Defendants Miller, Sheets, or Barnes.[5] *Id.* at pp. 4-10.

As previously stated, "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*

---

[5] The Court also notes Plaintiff never named Defendant Brown in any of his grievances or requests.

9

*v. Harris*, 550 U.S. 372, 380 (2007). Here, no reasonable jury could determine the Defendants prevented Plaintiff from filing a grievance or that no grievance procedure was available to Defendant. Accordingly, Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.

## VI. CONCLUSION

For the reasons stated above, I recommend Defendants Miller, Sheets, and Barnes' Motion for Summary Judgment (ECF No. 28) be **GRANTED**. Further, I recommend Plaintiff's claims against Defendants, including Defendant Brown, be **DISMISSED WITHOUT PREJUDICE**.[6]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 14th day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[6] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010).